UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY R. CONWAY,

    Plaintiff,

Case No. 4:05-CV-40

v.

Hon. Richard Alan Enslen

STRYKER MEDICAL DIVISION,
a Stryker Corporation,

**ORDER**

    Defendant.
_____/

Defendant Stryker Medical Division set a trap for the unwary when it hired Plaintiff Timothy R. Conway. The name of the trap was a six-month limitation on any claim brought under the Family and Medical Leave Act of 1993 ("FMLA"). Plaintiff nominally agreed to the trap when he signed a form application for employment complete with legal language promising that he had read it[1] (though of course, no production worker would ever attempt to negotiate form language, which is offered on a take it or leave it basis and which is why workers pay little attention to such forms). When Plaintiff was discharged by Defendant, he consulted with Plaintiff's attorney[2] who filed suit on his behalf after the expiration of the six-month period, but well before the expiration of the statutory limitation period.[3] The trap has now been sprung by Defendant's filing of a Motion for Summary Judgment premised on

---

[1] (Mot. for Summ. J., Ex. 2 at 3.)

[2] Plaintiff's counsel filed suit on or about March 10, 2005; the Complaint alleges that Plaintiff's final day of employment was on April 16, 2004. (Summons 1; Compl. 2.)

[3] The FMLA limitation period is three years for willful violations and two years for other violations. 29 U.S.C. § 1617(c)(1)-(2).

the artificial limitation period. The Court is no party to the unconscionable limitation on FMLA claims and now holds it to be unenforceable under the terms of FMLA and as a matter of public policy.

On February 5, 1993, FMLA was enacted with the express purpose of "entitl[ing] employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious medical condition." 29 U.S.C. § 2601(b)(2). The instant suit broaches this subject–inasmuch as it concerns FMLA leave to care for an infirm parent, a mother debilitated by a stroke. (Am. Compl. ¶ 13.)

When Congress enacted FMLA it foresaw the need not only to prohibit discrimination for the exercise of FMLA leave (which is prohibited by 29 U.S.C. § 2615(b)), but also to affirmatively mandate that no employer shall "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by FMLA]." 29 U.S.C. § 2615(a)(1). The filing of a FMLA suit is the exercise of FMLA rights such that a significant limitation of the time for the filing of suit is an employer interference or restraint upon FMLA rights. For this reason, two United States District Court Judges for the Eastern District of Michigan have held that a contractual term limiting the right to sue under FMLA to six months is void under the statutory language and public policy. *Lewis v. Harper Hosp.*, 241 F. Supp. 2d 769, 772 (E.D. Mich. 2002) (Judge Duggan); *Henegar v. Daimler-Chrysler*, 280 F. Supp. 2d 680, 682 n.1 (E.D. Mich. 2002) (Judge Borman); *see also Woods v. DaimlerChrysler, Corp.*, 2003 WL 24196898, *4 (E.D. Mo. 2003) (following *Lewis* and *Henegar* as to FMLA limitation); *Wineman v. Durkee Lakes Hunting & Fishing Club*, 352 F. Supp. 2d 815, 822-23 (E.D. Mich. 2005) (holding that term within employment application could not shorten FLSA limitation period due to importance of uniform national policy, citing *Walling v. Portland Terminal Co.,* 330 U.S. 148, 155 (1947) (Jackson, J., concurring)); *Salisbury v. Art Van Furniture,* 938 F. Supp. 435, 437-38

(W.D. Mich. 1996) (holding that term within employment application could not shorten time for filing an ADA claim because it would be a "practical abrogation" of the right to sue).[4]

Further, FMLA regulation–29 U.S.C. § 825.220(d)–explicitly provides that "employers cannot induce employees to waive . . . their rights under FMLA . . . ." Permissible exceptions to this rule include such matters as "voluntary uncoerced acceptance (not as a condition of employment) of a 'light duty' assignment . . . ." 29 U.S.C. § 825.220(d). The instant waiver runs afoul of the regulation because it was offered as a condition of employment and fundamentally alters FMLA rights.

Defense counsel has argued that several cases from other contexts are applicable. They are not. The holding of *Thurman v. DaimlerChrysler, Inc*. 397 F.3d 352, 357-59 (6th Cir. 2004) permitting waivers of limitation periods only applies as to state law and claims brought under 42 U.S.C. § 1981; it is not applicable to FMLA claims. The other cases cited by defense counsel are, likewise, either inapplicable and/or not persuasive as to the FMLA context. In particular, cases limiting jury trial rights and requiring arbitration have much less impact upon the employee. They alter forum, but do not foreclose suit–which is the practical consequence of permitting this kind of limitation in a context in which it is unexpected and statutorily forbidden.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Stryker Medical Division's Motion for Summary Judgment (Dkt. No. 45) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>   April 18, 2006 |  /s/ Richard Alan Enslen   <br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[4]Interestingly, Judge Bell (of this District) wrote both the Sixth Circuit's decision in *Thurman* and the Western District's earlier decision in *Salisbury*, which did not apply the six-month term to an ADA claim.

3